THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**EVELYN ROSARIO-ORTIZ, et al.,**

   **Plaintiffs,**

   v.

**CORPORACION DEL FONDO DEL SEGURO DEL ESTADO DE PUERTO RICO, et al.**

   **Defendants.**

Civil No. 15-2907 (ADC)

## OPINION AND ORDER

On November 20, 2015, plaintiffs Evelyn Rosario-Ortíz ("Rosario"), Danny Ríos-Soto, and their Conjugal Partnership initiated this action by filing a complaint against defendants the Puerto Rico State Insurance Fund ("SIF"), Hospital Industrial de Puerto Rico ("Hospital Industrial"), Walgreens, Inc., Walgreens of Puerto Rico, Inc. ("Walgreens-PR"), and some John Does. The complaint presents claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and several Puerto Rico statutes. **ECF No. 1**. On or about November 30, 2015, plaintiffs served process on all the named defendants, except for Walgreens, Inc., which has not been served.[1] **ECF No. 4**. Walgreens-PR then moved the Court to dismiss the action against it for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). **ECF No. 11**. Plaintiffs opposed the motion. **ECF No. 18**. Plaintiffs later amended the

---

[1] The Court hereby notifies plaintiffs that, pursuant to Federal Rule of Civil Procedure 4(m), the Court will dismiss the action against Walgreens, Inc., following the publication of this opinion.

complaint by substituting ACE Insurance Company for one of the John Doe co-defendants, but plaintiffs did not otherwise alter the complaint.  **ECF No. 24**.

According to the complaint, on September 1, 2013, a Walgreens-PR pharmacist in Rio Grande, Puerto Rico, injected the wrong vaccine into Rosario's left arm, causing her to become disabled.  **ECF Nos. 1** at §§ 9, 23, 36; **24** at §§ 9, 23, 37.  Afterward, Walgreens-PR "fraudulently engaged in the spoliation and tampering of evidence" related to the vaccine's administration.  **ECF Nos. 1** at § 62; **24** at § 63.  Rosario's employers, Hospital Industrial and the SIF, proceeded to discriminate against her on the basis of that disability, including by not fully granting her January 10, 2014 request for a reasonable accommodation and by later firing her.  **ECF Nos. 1** at §§ 55-57, 73-74, 82; **24** at §§ 56-58, 74-75, 83.

Based on those allegations, plaintiffs claim that Hospital Industrial and the SIF violated the ADA and several Puerto Rico statutes due to their alleged disability-based discrimination against Rosario.  **ECF Nos. 1** at §§ 94-104, 108-111; **24** §§ 95-104, 108-111.  As to Walgreens-PR, plaintiffs claim that it is responsible for tortious wrongs under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141, related to its allegedly negligent administration of the vaccine.  **ECF Nos. 1 and 24** at §§ 105-107.  Plaintiffs observe that the Court has original jurisdiction of the ADA claims pursuant to 28 U.S.C. § 1331.  **ECF Nos. 1 and 24** at § 1.  Plaintiffs allege that the Court, thus, has supplemental jurisdiction of the local-law claims pursuant to 28 U.S.C. § 1367(a).  **ECF Nos. 1 and 24** at §§ 6-7.

"[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Calderón-Serra* v. *Wilmington Tr. Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (alteration in original) (quoting *Murphy* v. *United States*, 45 F.3d 520, 522 (1st Cir. 1995)). As is relevant here,[2] "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." *Allstate Interiors & Exteriors* v. *Stonestreet Constr., LLC*, 730 F.3d 67, 72 (1st Cir. 2013) (quoting 28 U.S.C. § 1367(a)). "State and federal claims are part of the same 'case or controversy' for the purposes of section 1367(a) if they 'derive from a common nucleus of operative fact.'" *Id*. (quoting *Penobscot Indian Nation* v. *Key Bank of Me.*, 112 F.3d 538, 564 (1st Cir. 1997)). "Facts forming a common nucleus are those meeting the following criteria: '1) whether the facts are related in time, space, origin or motivation; 2) whether the facts form a convenient trial unit; and 3) whether treating the facts as a unit conforms to the parties' expectations.'" *Herman* v. *Meiselman*, 541 F.3d 59, 62-63 (1st Cir. 2008) (quoting *Apparel Art Int'l, Inc.* v. *Amertex Enters. Ltd.*, 48 F.3d 576, 584 (1st Cir. 1995)).

Here, the Court finds that it has original jurisdiction of the ADA claims pursuant to 28 U.S.C. § 1331. Accordingly, the Court has supplemental jurisdiction of related local-law claims

---

[2] As noted above, plaintiffs invoked only the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) in support of their action against Walgreens-PR. **ECF Nos. 1 and 24** at §§ 6-7. Plaintiffs do not claim that the Court has original jurisdiction of that action, and for good reason. The claims against Walgreens-PR are not federal questions and there does not appear to be diversity of citizenship.

pursuant to 28 U.S.C. § 1367(a), so long as those claims share a common nucleus of operative fact with the ADA claims. Walgreens-PR argues that the tort-law claims alleged against it do "not form part of the same case or controversy [as] the Court's original jurisdiction claim, that is, the ADA claims" because the two sets of claims "involve entirely different facts." **ECF No. 11** at 7. Plaintiffs respond that the claims all "arose out of a common core of operative facts" because "Rosario's ADA disability" was "the direct result of Walgreens-[PR]'s negligence in administering the wrong vaccine." **ECF No. 18** at 11. Plaintiffs respond further that the claims are part of the same case or controversy because plaintiffs "will be using essentially the same [expert] witnesses" to establish Walgreens-PR's alleged negligence, the existence of Rosario's alleged disability, and the extent of her alleged emotional damages. *Id*. at 12.

The Court finds that it lacks subject-matter jurisdiction of the claims against Walgreens-PR because they are not part of the same case or controversy as the ADA claims. *See Allstate Interiors*, 730 F.3d at 72. The claims against Walgreens-PR focus on whether that corporation and its agents exercised the requisite standard of care in relation to the administration of a single vaccine to Rosario on September 1, 2013. Meanwhile, the ADA claims against the other defendants focus on whether Rosario later became disabled within the meaning of the ADA, whether she was qualified to perform the essential functions of her former job, and whether her former employers – neither of whom is Walgreens-PR – took adverse employment actions against her, over the course of several months subsequent to the administration of the vaccine,

because of her alleged disability.  *See* 42 U.S.C. § 12112(a); *see also Vélez-Ramírez* v. *P.R.*, __ F.3d __, __, 2016 WL 3512405, *2 (1st Cir. Jun. 27, 2016) (setting forth the elements of an ADA-discrimination claim).  How Rosario became disabled is not an element of the ADA claims.

The tort claims against Walgreens-PR and the disability-discrimination claims against the other defendants do not share a common nucleus of operative fact because "[t]he claims do not overlap in theory or chronology," *see Futura Dev. of P.R., Inc.* v. *Estado Libre Asociado de P.R.*, 144 F.3d 7, 13 (1st Cir. 1998), and "the nature of the injury" underlying each set of claims is clearly different, *see Apparel Art Int'l, Inc.* v. *Amertex Enters. Ltd.*, 48 F.3d 576, 584 (1st Cir. 1995).  *Cf. Serrano-Moran* v. *Grau-Gaztambide*, 195 F.3d 68, 70 (1st Cir. 1999) (whether some defendants injured a plaintiff in violation of his civil rights and whether other defendants then committed malpractice in treating the injuries do not share common nucleus of operative fact).  Moreover, the mere fact plaintiffs intend to use the same expert witnesses to establish both sets of claims does not show that the claims are part of the same case.  Rather, it just shows that the experts are able to testify in distinct cases involving the same plaintiffs, but different defendants.

In sum, the Court **GRANTS** the motion to dismiss, **ECF No. 11**, and **DISMISSES** the action as to Walgreens of Puerto Rico, Inc.  Partial judgment will be entered accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 23rd day of September, 2016.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**